IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JESSICA CAMPBELL ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> STERLING, INC. D/B/A JARED ) <br> GALLERIA OF JEWELRY ) <br> ) <br> Defendant. ) | Case No. |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Sterling Jewelers Inc. d/b/a Jared Galleria of Jewelry ("Defendant") pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, submits this Notice of Removal of the above-captioned action to the United States District Court for the District of Massachusetts from the Superior Court of Massachusetts, Plymouth County, in which it is now pending, and in support states as follows:

### TIMELINESS OF REMOVAL

1. Plaintiff instituted this civil action in the Plymouth County Superior Court, on or about February 17, 2022. *See* Exhibit A, original Complaint.

2. Defendant accepted service of the original Complaint as of March 21, 2022. A true and correct copy of all process, pleadings and orders served on Defendant is attached as Exhibit B (along with the original Complaint, attached as Exhibit A) and incorporated by reference. Pursuant to 28 U.S.C. §1446(b)(1), this Notice of Removal is timely filed within thirty (30) days after service of process on Defendants.

3. On April 5, 2022, Plaintiff filed a First Amended Complaint and Jury Claim ("Amended Complaint"). *See* Exhibit C, Amended Complaint.

## VENUE

4.      The Superior Court of Massachusetts, County of Plymouth, is located within the District of Massachusetts.  *See* 28 U.S.C. §101.  Therefore, venue is proper in this Court.

## DIVERSITY OF CITIZENSHIP

5.      Removal is appropriate under this Court's diversity jurisdiction.  *See* 28 U.S.C. §1332.  A party may remove a pending state court action to federal court if the federal district court would have had original jurisdiction.  *See* 28 U.S.C. §1441.  Federal district courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value or $75,000, exclusive of interest and costs, and is between citizens of different states.  *See* 28 U.S.C. §1332(a).

6.      Plaintiff is a citizen of Massachusetts.  *See* Amended Complaint ¶ 1 (stating that Plaintiff resides in New Bedford, Massachusetts).

7.      Defendant is a Delaware corporation with a principal place of business in Akron, Ohio.  *See* Declaration of Michelle Sabin (Exhibit D; "Sabin Dec."), ¶ 2.  As such, Defendant is a citizen of both the state of Delaware and the state of Ohio.  Defendant is not a citizen of Massachusetts within the meaning of 28 U.S.C §1332(c)(1).

8.      Diversity exists between Plaintiff and Defendant because they are citizens of different states.  *See* 28 U.S.C. § 1332(a)(1).

9.      This Court has jurisdiction over the state court action under 28 U.S.C. § 1332, because it is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.

10.     Plaintiff does not specify the amount in controversy in her Amended Complaint. In the Civil Action Cover sheet, however, Complainant lists alleged damages far exceeding the

required $75,000 for diversity jurisdiction (Complainant lists $150,000.00 in "economic damages" and additionally makes claims for emotional distress, punitive damages, and attorney's fees; *see* Trial Court of Massachusetts Civil Action Cover sheet attached in Exhibit B).

11. Although Defendant does not admit that Plaintiff has been damaged as the result of any acts or omissions, the amount in controversy explicitly exceeds $75,000.00.

12. Accordingly, it is undisputed that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

13. Thus, there is complete diversity and therefore this Court has jurisdiction over this matter based on diversity of citizenship. *See* 28 U.S.C. §§ 1332 and 1441(b).

## CONCLUSION

14. To date, Defendant has not filed a responsive pleading in Plaintiff's state court action, nor have other proceedings transpired in that action.

15. Pursuant to the provisions of 28 U.S.C. § 1446, Defendant will promptly file a notice to the state court of its removal of this action to federal court, along with a copy of this Notice of Removal, in the Superior Court of Massachusetts, County of Plymouth. Additionally, Defendant will serve a copy of the notice to the state court and a copy of this Notice of Removal on Plaintiff's counsel.

16. In accordance with Local Rule 81.1, Defendant will file with this court attested copies of all records, proceedings and docket entries in the state court within twenty-eight (28) days of the date of this Notice.

17. By removing this matter, Defendant does not waive, or intend to waive, any defense, including, but not limited to, insufficiency of process and insufficiency of service of process.

WHEREFORE, Defendant respectfully requests that the Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Superior Court Massachusetts, Plymouth County, to the United States District Court for the District of Massachusetts.

                                    STERLING JEWELERS INC. d/b/a JARED GALLERIA OF JEWELRY

By its attorneys

*/s/ Mark Burak*
Mark Burak, (BBO # 558805)
Sandra E. Kahn, (BBO #564510)
OGLETREE, DEAKINS, NASH, SMOAK AND STEWART, P.C.
One Boston Place, Suite 3500
Boston, MA  02108
Telephone: 617-994-5729
Facsimile:  617-378-1506
Mark.Burak@ogletree.com
Sandra.Kahn@ogletree.com

April 7, 2022

## CERTIFICATE OF SERVICE

I certify that on April 7, 2022 I served Plaintiff with a true and correct copy of this **NOTICE OF REMOVAL** by mailing it via United States Mail (first class) to:

Sol J. Cohen, Esquire
Kerstein, Coren & Lichtenstein, LLP
60 Walnut Street, 4th Floor
Wellesley, MA 02481

*s/ Mark Burak*
Mark Burak
